Samuel H. Putnam *v.* Walter E. Ament, Appellant.

Argued April 23, 1929.

Before TREXLER, KELLER, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*T. F. Ryan,* of *Bialas, Ryan, McIntyre & Mackrell,* for appellant.—A demand note must be presented within a reasonable time: Murray v. Grover, 80 Pa. Superior Ct. 56. A holder should protect the endorser's rights: Franklin Savings & Trust Company v. Clark, 283 Pa. 212.

*Charles W. Jones,* for appellee.—Every holder is deemed prima facia to be a holder in due course: Fidelity and Casualty Company v. Gezynski, 93 Superior Ct. 152; Putnam v. Ensign Oil Company, 272 Pa. 301. An accommodation endorser is liable to a holder in due course: Buehler v. Fashion Plate Co., 269 Pa. 428; Lanahan v. Clark, 279 Pa. 297.

OPINION BY TREXLER, J., July 2, 1929:

Suit was brought on April 12, 1921, by Samuel H. Putnam against B. E. Clark, as endorser on a demand collateral note, dated May 4, 1915. Plaintiff acquired the note January 29, 1921, at a receiver's sale of the assets of the Park Bank. The defendant having died, his administrator was substituted. The note was in the usual form, payable on demand with a pledge of collateral security of "leasehold mortgage," the details of which are not set forth in the paper nor disclosed at the trial. The note was signed, "The Auditorium Co., S. J. Rockershousen, Treas.," and endorsed as follows: "S. J. Rockershousen, B. E. Clark; for value received, we hereby guarantee payment of the within note at maturity, and waive demand of payment, protest and notice of protest, on the same. S. J. Rockershousen, B. E. Clark." The court directed a verdict in favor of the plaintiff.

The defendant claims that as this is a demand note,

he as endorser, is discharged by reason of a failure to make demand within a reasonable time. It will be noticed that the second endorsement on the note waives demand and notice of protest. To overcome this fact, the appellant argues that the waiver is made in connection with the contract of guarantee, which is a joint engagement and cannot be applied to the present case as this is admittedly solely a suit against him as endorser. The lower court held that the waiver applied to him as endorser, that "the waiver itself speaks as to the requirements of the law respecting endorsers which has no relation to the obligation of the guarantor." There is no reason to hold that because the second endorsement on the note contained a guarantee, that the waiver of demand and protest following it, must be confined to the subject of guarantee and is not to be applied to the person who makes the waiver in his capacity, as endorser.

The execution of the note with the endorsement is admitted. Defendant in his affidavit makes no specific denial of the items of plaintiff's statement and the court very properly decided when the plaintiff offered certain parts of his statement in connection with the corresponding sections of the affidavit of defense that it was admitted that the note was endorsed and delivered for value before maturity to the Park Bank and that the receiver endorsed and delivered it to the plaintiff. The holder is deemed prima facie to be a holder in due course. Section 59, Act of May 16, 1901, P. L. 194.

The allegation that the defendant was an accommodation endorser does not alter the situation, for as pointed out by the trial judge, such endorser is liable to a holder for value under section 29 of the same act.

The statement made by the plaintiff in his pleadings that the note was delivered by the "payers" of the

450

note instead of the payees is inconsistent with the other allegations set out by him and is obviously a slip of the pen.

The refusal of the court to allow the administrator to file an additional affidavit of defense after the case was called for trial was not error. It was a matter within the sound discretion of the court. It would have necessarily led to a continuance of the case. Counsel for the defendant indicated to the court what would appear in the affidavit, but it would seem that better practice would have been that the affidavit properly executed be proffered. This we think disposes of all the questions properly involved in the case.

The judgment is affirmed.